IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRITTNEY D. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALASKA NATIVE MEDICAL CENTER, et al.,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00087-TMB |

## ORDER TO FILE AMENDED COMPLAINT OR VOLUNTARY DISMISSAL

Brittney D. Johnson, representing herself, has filed a Civil Rights Complaint under 42 U.S.C. § 1983.[1]  Johnson has also filed an Application to Waive the Filing Fee in this case.[2]  The Court is required to review the Complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3]

In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of the

---

[1] Docket 1.

[2] Docket 3.

[3] 28 U.S.C. § 1915(e)(2)(B).

doubt.[4] Before the Court may dismiss Johnson's case, the Court must provide her with a statement of the deficiencies in the Complaint and an opportunity to amend, unless it is clear that amendment would be futile.[5]

As a federal court, this is a Court of limited, as opposed to general, jurisdiction;[6] it has authority to hear only specified classes of cases. As the plaintiff, it is Johnson's burden to show that the Court has jurisdiction to hear her claims.[7]

Johnson has brought suit against the Alaska Native Medical Center (ANMC) and Dr. Suzanne Fix, a neurosurgeon allegedly employed by ANMC.[8]

---

[4] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

[5] *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011) ("[Any] attempt to re-plead this claim would be futile. . . . The district court properly concluded that the deficiencies in Silva's complaint could not be cured by an amendment. We therefore affirm the district court's decision to dismiss [the] claim with prejudice and without leave to amend.").

[6] *Black's Law Dictionary* (9th ed. 2009) (Jurisdiction is "[a] court's power to decide a case or issue a decree.").

[7] *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (citation omitted).

[8] Docket 1 at 1.

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 2 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 2 of 10

Johnson brings suit against the Defendants in their personal capacities, and seeks $15 million in damages.[9] Johnson alleges as follows:

> For about 5-6 years I complained to ANMC about back pain in which they told me I was fine until 2010 when they took me seriously. They realized my back was in horrible shape and I had my 1st surgery in Feb. of 2011. Dr. Fix said I had one of the worst backs she's seen in her career. After this surgery, one of my bone grafts slipped completely out into my body and fused itself to my nerves which led to the 2nd surgery by Dr. Fix [in] Aug. 2011. She fixed the bone graft which in time (a few months) slipped out again leading to a 3rd surgery in November of 2011. This was done by Dr. William Betts who told me I would live a normal pain free life. I continued to have worsening pain and after 2 weeks of calling the hospital reluctantly diagnosed me with a permanent and painful disability called arachnoiditis! Arachnoiditis is caused by multiple surgeries and myelograms which I had and with no warning that this could happen. There is no cure. I cannot work and have to be on pain management for life. I was diagnosed in May of 2012. . . .
> After being diagnosed . . . ANMC started [chronic] pain management and then later stopped, saying they didn't think I should be receiving it. I have and am currently suffering horribly from this condition.
> I have 3 children to raise and not being able to work has caused an emotional and mental setback for me, as their mother not being able to properly provide for them.
> I'm 35 years old with 2 bone grafts, 6 screws and 4 rods in my back. I'm affected by heat, cold, standing, sitting, walking, driving, sleeping, [and] socializing. I'm on medications for pain, sleep, antidepressants among many others.
> My left leg from my bottom to the back of my knee is completely numb/dead to the extensive nerve damage.[10]

---

[9] *Id.* at 2, 6.

[10] *Id.* at 3-4.

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 3 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 3 of 10

1. <u>Johnson has not alleged any violation of a constitutional right</u>.

"Section 1983 . . . creates a private right of action to vindicate violations of 'rights . . . secured by the Constitution and laws' of the United States. Under the terms of the statute," the plaintiff must show that (1) a defendant "act[ed] under color of state law"; to (2) "deprive [the plaintiff] of a constitutional right."[11] An action brought under *Bivens*,[12] is the equivalent of a § 1983 action, but is brought against federal officials.[13]

Because Johnson has not alleged that anyone has deprived her of a constitutional right, as required to state a claim under § 1983 or *Bivens*, her Complaint must be dismissed.

2. <u>The Federal Torts Claim Act authorizes civil torts against the government</u>.

The Federal Torts Claims Act (FTCA) is a limited waiver of the United States' traditional sovereign immunity, authorizing certain civil tort suits[14] against the government for monetary damages.[15] Specifically, the FTCA "waives the

---

[11] *Rehberg v. Paulk*, ___ U.S. ___, 132 S.Ct. 1497, 1501 (2012) (citations and internal quotations omitted).

[12] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[13] *Iqbal*, 556 U.S. at 675-76.

[14] A "tort" is a "civil wrong, other than breach of contract, for which a remedy may be obtained, usu[ally] in the form of damages." *Black's Law Dictionary* (9th ed. 2009).

[15] *See* 28 U.S.C. §§ 2671 - 2680.

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 4 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 4 of 10

sovereign immunity of the United States for certain torts committed by federal employees 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"[16]

The FTCA "covers negligence of tribal health center employees acting in the scope of employment based on the performance of self-determination contracts. . . . [A]ny civil suit filed against a tribal health center operating under a Section 638 contract is deemed to be an action against the United States and covered by the FTCA."[17] Thus, claims against ANMC employees for medical malpractice are governed by the FTCA.[18]

Under the FTCA, 28 U.S.C. § 2675(a), an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant

---

[16] *See Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Smith v. United States*, 507 U.S. 197, 201 (1993) (emphasis omitted) (quoting 28 U.S.C. § 2675(a)).

[17] *United States v. CNA Financial Corp.*, 168 F.Supp.2d 1109, 1111 (D.Alaska 2001).

[18] ANMC carries out federal health care programs for Indians and Alaska Natives. *See* Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, codified at 25 U.S.C. §450 *et seq.*, as amended; *see also Gallant v. United States*, 392 F.Supp.2d 1077, 1080 (D.Alaska 2005) (FTCA "medical malpractice action based on the negligence of a health care provider," ANHC).

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 5 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 5 of 10

has *first* exhausted her administrative remedies.[19] The "exhaustion requirement is jurisdictional in nature, and must be interpreted strictly."[20]

To meet the exhaustion requirement, a claimant must first "present" the claim in a timely manner to the "appropriate Federal agency."[21] A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed *Standard Form 95* or other written notification of an incident."[22] A tort claim that is not presented to the appropriate Federal agency within *two years* is "forever barred" by the applicable statute of limitations.[23]

Johnson appears to be claiming medical malpractice. She cannot do this through a Civil Rights action, but may make a timely claim under the FTCA

---

[19] *McNeil v. United States*, 508 U.S. 106, 113 (1993).

[20] *Vacek*, 447 F.3d at 1250.

[21] 28 U.S.C. § 2675(a).

[22] 28 C.F.R. § 14.2(a) (emphasis added).

[23] 28 U.S.C. § 2401(b).

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 6 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 6 of 10

against the United States for the actions of its employees[24] after she exhausts her administrative remedies.[25]

## **Amending Complaint**

Johnson will be given an opportunity to file an Amended Complaint to state a claim for monetary relief in federal court.[26] Johnson must be able to show that she has exhausted her administrative remedies if she wishes to bring a claim of professional negligence or malpractice under the FTCA.

---

[24] Unless Dr. Fix was employed by the United States when she allegedly committed malpractice, Johnson cannot bring a malpractice claim against her under the FTCA. *See* http://commerce.alaska.gov/CBP/Main/CorporationDetail.aspx?id=135609 (state record showing that Dr. Fix has been the 90% owner of her own medical practice in Anchorage, Alaska, "Coastal Neurology and Neurosurgery, Inc," since 6/3/11); *see also* Fed.R.Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[25] Johnson may possibly bring a claim against a *private* doctor for malpractice (if timely) in the Superior Court for the State of Alaska. *See* AS § 09.55.540 ("(a) In a malpractice action based on the negligence or wilful misconduct of a health care provider, the plaintiff has the burden of proving by a preponderance of the evidence
(1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;
(2) that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
(3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
(b) In malpractice actions there is no presumption of negligence on the part of the defendant.").

[26] *See* Fed.R.Civ.P. 15(a).

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 7 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 7 of 10

The Court is sending a form to assist Johnson in filing an Amended Complaint. In completing this form, Johnson must give dates and facts in support of each claim – *i.e.*, she must state what happened, who was involved, how they were involved, when the events occurred, how she was hurt, and what her injuries were. Johnson should state the facts in her own words, as if she were briefly and concisely telling someone what happened; she must avoid stating conclusions.[27] And she must attach documentation showing that she exhausted her administrative remedies.

Later, if Johnson's claims proceed before the Court on the merits, at the discretion of the Court, she may be given an opportunity to file a brief on the issues in which she may more thoroughly argue her case.[28]

The Amended Complaint must be complete in itself without reference to any prior pleading.[29] In her Amended Complaint, Johnson should make no reference to the initial Complaint or other outside documents.

---

[27] *See Ashcroft v. Iqbal*, 556 U.S. at 678-79.

[28] A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint is the "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." *Blacks Law Dictionary* (9th ed. 2009). A brief, on the other hand, is a "written statement setting out the legal contentions of a party in litigation . . . consisting of legal and factual arguments and the authorities in support of them." *Id.*

[29] *See* D.Ak.LR 15.1(3); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 8 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 8 of 10

**IT IS THEREFORE ORDERED** that:

1. The Complaint is DISMISSED without prejudice for failure to state a claim, as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Johnson will be permitted to file an Amended Complaint, as explained in this Order, on or before **June 30,** 2014. With the Amended Complaint, Johnson must provide documentation showing that she exhausted her administrative remedies as required under the Federal Tort Claims Act; or, if timely,[30] Johnson may move for a stay of an FTCA action in order to exhaust those remedies.[31]

3. The Clerk of Court is directed to send Johnson a form PS20, Complaint under the Federal Tort Claims Act, with this Order.

---

appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") (citation omitted).

[30] 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

[31] *See Valadez-Lopez, v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) ("[W]here a plaintiff filed suit before exhausting administrative remedies, she might have saved her FTCA claim by "ask[ing] the district court to stay the litigation so she could attempt to [exhaust] while the litigation was pending. … There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting *non-FTCA* claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted.") (citations omitted) (emphasis added). However, a plaintiff may not file "*an FTCA lawsuit* before exhausting his or her FTCA administrative remedies." *Id.* (citing *McNeil*).

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 9 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 9 of 10

4.     In the alternative, Johnson may file the enclosed Notice of Voluntary Dismissal of this case, without prejudice, on or before **June 30, 2014**.[32]

5.     The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Johnson with this Order.

6.     The Court will take no further action in this case until Johnson fully complies with this Order. If Johnson fails to comply, the case will be dismissed without further notice.

7.     The Clerk of Court is directed to send the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to Johnson with this Order.

DATED at Anchorage, Alaska, this 5th day of June, 2014.

TIMOTHY M. BURGESS  
United States District Judge

---

[32] Johnson may file an appropriate and timely malpractice claim in state court against a medical provider who was not a federal employee when committing malpractice. *See* AS § 09.07.070 (two-year statute of limitations for tort actions); AS § 09.55.540 (state malpractice claim).

3:14-cv-00087-TMB, *Johnson v. ANMC, et al.*
Order to Amend or Dismiss
Page 10 of 10

Case 3:14-cv-00087-TMB   Document 5   Filed 06/06/14   Page 10 of 10